REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBBIE CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC., a California corporation authorized to conduct business in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02319-JHC<br><br>**[WITHOUT ORAL ARGUMENT]**<br><br>**DEFENDANT SAFEWAY INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR CONSOLIDATION**<br><br>Noting Date: October 16, 2026 |



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................ 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................ 2

A. Plaintiff Files Instant Action And FAC In Washington State Court; Safeway Timely Removes Action To This Court ........................................ 2

B. Safeway Files Its Motion to Dismiss; Plaintiff Responds By Filing A SAC Without Leave; Safeway Files Motion To Dismiss And Strike The SAC ........................................ 2

C. Plaintiff Files A Unilateral Stipulation In Response to Safeway's Motion to Dismiss or Strike The SAC; Plaintiff Then Files The Instant Motion ........................................ 3

III. LEGAL ARGUMENT ........................................ 3

A. Consolidation Should Be Denied Because The SAC Should Be Dismissed Under The First-To-File Rule ........................................ 3

B. Consolidation Does Not Further Judicial Economy And Would Prejudice Safeway ........................................ 6

C. Consolidation Should Be Denied Because Plaintiffs' Second Amended Complaint Was Improperly Filed Without Leave In Violation Of FRCP 15(a)(2) ........................................ 10

D. Consolidation Should Be Denied Under Local Civil Rule 42(b) ........................................ 11

IV. CONCLUSION ........................................ 13


REED SMITH LLP
A limited liability partnership formed in the State of Delaware



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott* v. *Amazon.com* Inc., No. 2:23-cv-1372-JNW, 2023 U.S. Dist. LEXIS 202954 (W.D. Wash. Nov. 13, 2023) ....................9

*Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007) ....................1, 4, 8

*Alltrade*, *Inc. v. Univweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991) ....................4

*Amazon.com, Inc. v. LightGuide, Inc.*, No. 2:23-cv-00053-JHC, 2023 U.S. Dist. LEXIS 200063 (W.D. Wash. Nov. 7, 2023) ....................5

*Armored Group LLC v. Lutzker*, No. CV-24-01516-PHX-SLP, 2025 WL 1248932 (D. Ariz. Apr. 30, 2025) ....................8

*Bruce v. Sellen Constr. Co.*, No. 2:25-cv-00705-JHC, 2025 U.S. Dist. LEXIS 169199 (W.D. Wash. Aug. 29, 2025) ....................8

*Carlos v. Easter Seals So. Cal. Inc.*, No. SACV 14-01685 JVS (RNBx), 2014 U.S. Dist. LEXIS 206682 (C.D. Cal. Dec. 23, 2014) ....................10

*Cole / Wathen / Leid / Hall, P.C. v. Associated Indus. Ins. Co., Inc.*, No. 2:19-cv-02097-RAJ, 2020 WL 3542516 (W.D. Wash. June 30, 2020) ....................5

*Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) ....................6

*Defries v. Union Pac. R.R. Co.*, 104 F.4th 1091 (9th Cir. 2024) ....................6, 7



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Ekin v. Amazon Servs., LLC*,
No. 14-cv-244-JCC, 2014 U.S. Dist. LEXIS 199367 (W.D. Wash. May 23, 2014) .......... 9

*Fisher v. Duff*,
No. C15-5944 BHS, 2016 U.S. Dist. LEXIS 78825 (W.D. Wash. June 15, 2016) .......... 5

*Franzetti v. Pac. Mkt. Int'l LLC*,
No. 2:24-cv-00191-TL, 2024 U.S. Dist. LEXIS 76699 (W.D. Wash. Apr. 26, 2024) .......... 9

*Gerrits v. County of Pima*,
No. CV-25-00454-TUC-RM, 2025 U.S. Dist. LEXIS 206865 (D. Ariz. Oct. 21, 2025) .......... 10

*Haley v. Medtronic*,
169 F.R.D. 643 (C.D. Cal. 1996) .......... 6

*Hanks v. Harper*,
No. CV-19 03174-PHX-DLR, 2019 U.S. Dist. LEXIS 198396 (D. Ariz. Nov. 15, 2019) .......... 10

*In re Wells Fargo Home Mortg.*,
571 F.3d 953 (9th Cir. 2009) .......... 6

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
544 F. Supp. 2d 949 (N.D. Cal. 2008) .......... 4

*Irby v. Washington*,
No. C15-5208-RJB-KLS, 2017 U.S. Dist. LEXIS 43687 (W.D. Wash. Mar. 24, 2017) .......... 12

*Jacklick v. Walmart Inc.*,
No. 2:25-cv-00436-MKD, 2026 U.S. Dist. LEXIS 95712 (E.D. Wash. Apr. 30, 2026) .......... 8

*Jorbie Kelley v. Safeway Inc.*,
No. 2:26-cv-01980-TL .......... 1, 2

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
787 F.3d 1237 (9th Cir. 2015) .......... 3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

*LHF Prods., Inc. v. Doe 1*,
No. C16-551 RSM, 2017 WL 1364558 (W.D. Wash. Apr. 14, 2017) .............12

*McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan and Trust*,
268 F.R.D. 670 (W.D. Wash. 2010)..........................................................7

*McMurry v. Neiders Co. LLC*,
No. 2:25-cv-00824-JNW, 2026 WL 280652 (W.D. Wash. Feb. 3, 2026) ..........................................................................................11

*O'Donahue v. Tuugiiboss Trans Inc.*,
No. 3:23-cv-06028-GJL, 2024 WL 1533612 (W.D. Wash. Apr. 8, 2024) ..........................................................................................12

*Pecznick* v. *Amazon*,
Inc., No. 22-cv-743-TL, 2022 U.S. Dist. LEXIS 175374 (W.D. Wash. Sept. 27, 2022)...............................................................................9

*Schwieger v. United States*,
__ Fed. Cl. __, 2026 WL 2590276 (Fed. Cl. Aug. 31, 2026) .............................7

*Scott v. Havens*,
No. 2:25-cv-00648-RAJ-TLF, 2025 WL 2624547 (W.D. Wash. Sept. 10, 2025) .......................................................................................12

*Smith v. Behr Process Corp.*,
113 Wash. App. 306 (2002)......................................................................6

*Smith v. Snohomish Cnty.*,
No. 2:25-cv-00657-TL, 2025 U.S. Dist. LEXIS 198632 (W.D. Wash. Oct. 7, 2025) .....................................................................................11

*Topower Comput. Indus. Co., Ltd. v. Xion, Inc.*,
C 08-3584 SBA, 2009 WL 4572771 (N.D. Cal. Dec. 4, 2009) ..........................8

*Tri-Valley CAREs v. U.S. Dep't of Energy*,
671 F.3d 1113 (9th Cir. 2012) ...............................................................11

*Walker v. Progressive Cas. Ins. Co.*,
No. C03-656R, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003) ..........................................................................................5



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Rules**

FRCP Rule 15(a)(1) .......... 10

FRCP Rule 15(a)(2) .......... *passim*

Local Civil Rule 42(b) .......... 1

Rule 12(b)(6) .......... 2, 5, 7, 9

Rule 23 .......... 6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

## I. INTRODUCTION

Plaintiffs Debbie Clark and Charlette Levfre (collectively, "Plaintiffs") ask this Court to consolidate this action with an earlier-filed case that already encompasses their claims, their putative class, and thus Plaintiffs themselves. Their Motion, however, should be denied for three independent reasons: (1) their Second Amended Complaint ("SAC") is subject to dismissal under the first-to-file rule; (2) the SAC was filed in violation of Rule 15(a)(2) of the Federal Rules of Civil Procedure and should therefore be stricken; and (3) Plaintiffs failed to meet and confer as Local Civil Rule 42(b) requires.

First, as explained in Defendant Safeway Inc.'s ("Safeway") Motion to Dismiss [Dkt. No. 14], Plaintiffs' SAC is subsumed by *Jorbie Kelley v. Safeway Inc.*, No. 2:26-cv-01980-TL ("*Kelley*"). *Kelley* encompasses the same putative class, claims, and the same core legal issues: whether employees received proper meal and rest periods and were paid all wages owed. Plaintiffs do not dispute these points. *See* [Dkt. Nos. 19 & 24]. Because Plaintiffs' interests are already represented in *Kelley*, consolidation would not further judicial economy. Dismissal would. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692–93 (9th Cir. 2007) ("[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'").

Second, Plaintiffs filed the SAC without Safeway's consent or leave from this Court in violation of Rule 15(a)(2), as their own Notice [Dkt. No. 19] acknowledges. Thus, the SAC should be stricken, mooting the relief requested in this Motion.

Third, Plaintiffs did not properly meet and confer with Safeway before filing this Motion as Local Civil Rule 42(b) requires. *See* Declaration of Tanner Hendershot ("Hendershot Opp. Decl."), ¶¶ 2–4. Thus, the Motion should be denied on this basis.

///

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff Files Instant Action And FAC In Washington State Court; Safeway Timely Removes Action To This Court

On June 4, 2026, Plaintiff filed this case in King County Superior Court, Case No. 26-2-18199-3 SEA. On June 24, 2026, Plaintiff filed her First Amended Complaint ("FAC") [Dkt. No. 1-3]. On July 2, 2026, Safeway timely removed this action to this Court. *See* Def.'s Notice of Removal [Dkt. No. 1].

### B. Safeway Files Its Motion to Dismiss; Plaintiff Responds By Filing A SAC Without Leave; Safeway Files Motion To Dismiss And Strike The SAC

On July 9, 2026, Safeway filed a Motion to Dismiss Clark's Fifth and Sixth Claims for Relief Under Rule 12(b)(6) and to Dismiss, or in the Alternative, Motion to Stay under the First-to-File Rule and the Court's Inherent Discretion. [Dkt. No. 12]. Instead of opposing Safeway's Motion to Dismiss, Plaintiff filed a SAC [Dkt. No. 13].

On August 13, 2026, Safeway filed its Motion to Dismiss Plaintiffs' Fifth Claim for Relief Under Rule 12(b)(6) and Dismiss or Stay Remaining Claims under the First-to-File Rule or in the Court's Inherent Discretion, or in the Alternative, Motion to Strike. [Dkt. No. 14]. Therein, Safeway explained Plaintiffs' now-fifth claim for unlawful wages and rebates was not actionable under Washington law and/or failed since there were no pleaded facts in support thereof, further asserted that Plaintiffs' remaining claims were subject to dismissal and/or a stay under the first-to-file rule or in the Court's inherent discretion in light of *Kelley*, and argued alternatively that the SAC should be stricken because it was improperly filed without Safeway's consent or leave from this Court in violation of FRCP 15(a)(2). *See generally id.*

///

///

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

### C. **Plaintiff Files A Unilateral Stipulation In Response to Safeway's Motion to Dismiss or Strike The SAC; Plaintiff Then Files The Instant Motion**

On September 9, 2026, Plaintiffs' counsel emailed Safeway's counsel expressing their belief that Safeway's Motion was "moot" because they agreed to dismiss their unlawful wages and rebates claim, which they "admittedly had intended to remove from the SAC", that they would "exclud[e] the *Boren* and *Somera* putative classes (thus aligning it with the *Kelley* class)", expressed that they would file a Motion for Leave to Amend absent Safeway's consent for leave under Rule 15(a)(2), and inquired regarding Safeway's "position with respect to consolidation of *Kelley* and *Clark*". *See* Hendershot Reply Decl. [Dkt. No. 23-1], ¶ 2, Ex. A. On September 10, 2026, Plaintiffs filed a "Notice and Stipulation" [Dkt. No. 19] on the same grounds as their September 9 email.

On September 15, 2026, ***after*** they filed the Notice and Stipulation, Plaintiffs' counsel emailed Safeway's counsel asking whether they would (1) stipulate to Plaintiffs' filing of an amended complaint; and (2) stipulate to consolidation with *Kelley*. *See* Hendershot Opp. Decl., ¶ 3. Plaintiffs' counsel, however, never requested a meet and confer conference to discuss possible consolidation or the bases for this Motion, which they filed six business days later. *See id.*, ¶¶ 2–4; [Dkt. No. 24].

## III. **LEGAL ARGUMENT**

### A. **Consolidation Should Be Denied Because The SAC Should Be Dismissed Under The First-To-File Rule**

This Court should deny Plaintiffs' Motion because their SAC remains subject to dismissal under the first-to-file rule. As explained in Safeway's Motion to Dismiss [Dkt. No. 14], each of the three relevant factors—chronology, similarity of parties, and similarity of issues—confirms that *Kelley* covers this action. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.,* 787 F.3d 1237, 1240 (9th Cir. 2015). *Kelley* was undisputedly filed before this action, Plaintiff Kelley seeks to represent the same group

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of Safeway's non-exempt employees as Plaintiffs here, except for a longer period from May 4, 2023 to the present[1], and both cases present the same central legal questions: whether Safeway paid its current and former non-exempt employees all wages owed and provided proper meal and rest periods. *Compare generally* SAC [Dkt. No. 13], *with* RJN [Dkt. No. 16], Ex. 4. Accordingly, since each first-to-file factor confirms that Plaintiffs' SAC is subsumed by *Kelley*, dismissal is appropriate.

Nothing in Plaintiffs' Motion deviates from the premise that the first-to-file rule directly applies here and compels dismissal of this action. In their Motion, Plaintiffs describe both actions as "virtually identical", involving "substantially overlapping class allegations and claims, the same Defendant, and identical putative classes," and they acknowledge that "discovery will be the same across the two matters". Mot. at 4:18–20; 6:7. Plaintiffs offer these admissions to support consolidation, but they establish precisely what the first-to-file rule supports, i.e., dismissal. Plaintiffs cannot call the cases identical for one purpose and then deny that *Kelley* subsumes theirs for another.

Given this complete overlap, dismissal, not consolidation, is the appropriate remedy. As conceded above, Plaintiffs' interests are already represented in *Kelley*, and consolidating a duplicative action would only add a second set of pleadings, counsel, and motion practice to a case that covers the same claims and class. Under these facts, consolidation does not further judicial economy. *See Adams*, 487 F.3d at 692–93 (explaining that dismissal of duplicative action "promotes judicial economy and the 'comprehensive disposition of litigation'"); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("[d]ismissal is proper where the court of first filing provides adequate remedies") (citing *Alltrade*, *Inc. v. Univweld*

---

[1] Although the *Kelley* parties stipulated to exclude the putative classes in *Boren* and *Somera* to avoid duplication, *see* RJN [Dkt. No. 16], Ex. 5, ¶ 1, this distinction is immaterial because those individuals are already represented in *Boren* and *Somera*. And even accepting Plaintiffs' proposed class definition, Plaintiffs indicate that they would similarly align her putative class definition with *Kelley*'s modified definition. *See* Pls.' Notice [Dkt. No. 19], ¶ 7.


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

*Prods., Inc.*, 946 F.2d 622, 627–28 (9th Cir. 1991)). Indeed, courts in this District routinely dismissal later filed actions in these circumstances, including where the overlap is less complete than it is here. *See Amazon.com, Inc. v. LightGuide, Inc.*, No. 2:23-cv-00053-JHC, 2023 U.S. Dist. LEXIS 200063, at *4 (W.D. Wash. Nov. 7, 2023) (dismissing later-filed action involving same parties and fundamental question under the first-to-file rule); *Fisher v. Duff*, No. C15-5944 BHS, 2016 U.S. Dist. LEXIS 78825, at *6 (W.D. Wash. June 15, 2016) (dismissing later-filed action even when second suit involved slightly different defendants and the statute of limitations differed slightly); *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 U.S. Dist. LEXIS 7871, at *6 (W.D. Wash. May 9, 2003) (dismissing later-filed case); *see also Cole | Wathen | Leid | Hall, P.C. v. Associated Indus. Ins. Co., Inc.*, No. 2:19-cv-02097-RAJ, 2020 WL 3542516, at *2 (W.D. Wash. June 30, 2020) ("Historically, courts in this circuit have also applied the rule to cases in the same district."). The Court should do the same here.

Finally, consolidation should not become a vehicle for avoiding Safeway's pending Motion to Dismiss [Dkt. No. 14]. Consolidation of this action with *Kelley* would allow Plaintiffs to sidestep Safeway's Rule 12(b)(6) challenge to their non-actionable wage rebatement claim and undermine the efficiency and comity the first-to-file rule exists to protect. Plaintiffs did not respond to the merits of that Motion. Instead, they stated they would dismiss their wage rebatement claim (they have not) and argued the remainder of Safeway's Motion was "moot" because Plaintiffs agreed to "jointly prosecute" their action with *Kelley*. [Dkt. No. 19] That response does not address Safeway's showing that the first-to-file rule applies here. *See* Dkt. No. 24. Plaintiffs offer no justification for declining to dismiss their duplicative action in favor of *Kelley*, and consolidation would reward that choice at the expense of the Court's and the parties' resources. Thus, the Court should deny this Motion and dismiss this action.

///

///



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### B. <u>Consolidation Does Not Further Judicial Economy And Would Prejudice Safeway</u>

Class actions are designed to promote "efficiency and economy of litigation." *In re Wells Fargo Home Mortg.*, 571 F.3d 953, 958 (9th Cir. 2009); *Haley v. Medtronic*, 169 F.R.D. 643, 647 (C.D. Cal. 1996) ("Class Actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis.") (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352–53 (1983)). Rule 23 helps achieve this result by having one class action proceed forward on behalf of the entire class to avoid the multiplicity of materially identical actions. *See Defries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1100 (9th Cir. 2024) (duplicative filings "'frustrate the principal function' of a class action by encouraging the 'unnecessary filing of repetitious papers and motions,' the very 'multiplicity of activity which Rule 23 was designed to avoid", whereas Rule 23 "'both permits and encourages class members to rely on the named plaintiffs to press their claims.'"). Washington courts are in accord. *See Smith v. Behr Process Corp.*, 113 Wash. App. 306, 319 (2002) ("Washington courts favor a liberal interpretation of CR 23 as the rule avoids multiplicity of litigation, 'saves members of the class the cost and trouble of filing individual suits[,] and . . . also frees the defendant from the harassment of identical future litigation.") (citation omitted).

Against this backdrop, this Court should deny Plaintiffs' Motion because consolidation of two materially identical class actions does not further judicial economy and it would prejudice Safeway in ways that dismissal would not. Plaintiffs' own Motion confirms these points. Plaintiffs state that "Safeway would be required to defend[] against the same claims, undertake the same discovery, review and produce the same documents, prepare the same witnesses for depositions, and undertake the same damages analysis." Mot. at 6:9–11. Safeway agrees that this duplication is wasteful. But this duplication exists only because Plaintiffs chose to file a second action

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

raising the same claims as *Kelley* on behalf of the same putative class. And even after Safeway showed this action is subsumed by *Kelley*, Plaintiffs neither dismissed it nor substantively opposed Safeway's Motion, requiring Safeway to brief the issue again here. Dismissal eliminates this duplication entirely. Consolidation does not. Rather, it adds two additional plaintiffs, a second set of counsel, and a second operative pleading, litigating claims that *Kelley* covers. There is simply no reason to do that. The entire point of class litigation is to permit all of the putative class members to be represented in one case to promote economy—consolidation does not further this purpose. *See Defries*, 104 F.4th at 1100; *McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan and Trust*, 268 F.R.D. 670, 674–75 (W.D. Wash. 2010) (consolidation of multiple cases creates "procedural complexity" that is "best avoided" whereas judicial economy is furthered by maintaining one lawsuit as a class action); *Schwieger v. United States*, __ Fed. Cl. __, 2026 WL 2590276, at *15 (Fed. Cl. Aug. 31, 2026) (denying consolidation of two class actions as "work[ing] against the interests of judicial economy, instead contributing to 'delay, confusion, and prejudice.'").

Moreover, consolidation prejudicially imposes real costs on Safeway and the Court that dismissal avoids. First, consolidation would require the parties to coordinate pleadings, briefing, and discovery among multiple sets of plaintiffs' counsel, inviting disputes over leadership, duplicative discovery requests, and overlapping depositions. Second, consolidation would likely require a consolidated amended complaint, resetting the pleadings in *Kelley* and needlessly delaying a case that is beyond the pleadings stage. Third, consolidation would impermissibly prejudice Safeway by sidestepping its pending challenges to the SAC, which is subject to dismissal under the first-to-file rule and was filed without leave in violation of Rule 15(a)(2). Consolidation would improperly carry Plaintiffs' wage rebatement claim into *Kelley* without the Court first resolving Safeway's Rule 12(b)(6) challenge to that claim, expanding the scope of the first-filed case through a procedural maneuver rather than on the merits. Fourth, adding

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

two named plaintiffs and an additional set of class counsel needlessly drives up class counsel fees and costs that would be apportioned from any class settlement, none of which benefits the putative class. Dismissal, by contrast, prejudices no one because Plaintiffs are putative class members in *Kelley* and thus their interests are fully represented there.

Moreover, this Court should follow other district courts in the Ninth Circuit that have denied consolidation on grounds of judicial economy, concluding that dismissal of the later filed action, rather than consolidation, best serves judicial economy. *See Armored Group LLC v. Lutzker*, No. CV-24-01516-PHX-SLP, 2025 WL 1248932, at *2 (D. Ariz. Apr. 30, 2025) (denying consolidation as not furthering judicial economy because the parties in the second action could instead bring their claims in the first action and dismiss the second, which "would mitigate any potential for conflicting judgments on appeal, promote judicial efficiency, and prevent unnecessary clogging of the Court's docket"); *Topower Comput. Indus. Co., Ltd. v. Xion, Inc.*, No. C 08-3584 SBA, 2009 WL 4572771, at *2 (N.D. Cal. Dec. 4, 2009) (denying consolidation in favor of dismissing defendant's second-filed action and having its claims brought in the first-filed action); *see also Adams*, 487 F.3d at 692–93 (affirming dismissal of later filed action and holding that "[d]ismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'"). The same reasoning applies here.[2]

[2] As previously explained in Safeway's Motion to Dismiss [Dkt. No. 14, pp. 22:13-22], Plaintiffs' derivative claims for failure to pay wages at termination and at established pay periods that are not pled in *Kelley* should be dismissed under the first-to-file rule because they depend entirely on the meal period, rest period, and wage claims that are subsumed by *Kelley*. *See Jacklick v. Walmart Inc.*, No. 2:25-cv-00436-MKD, 2026 U.S. Dist. LEXIS 95712, at *21–22 (E.D. Wash. Apr. 30, 2026) (dismissing failure to pay all wages due at termination and willful refusal to pay wages claims because their predicate bases failed); *Bruce v. Sellen Constr. Co.,* No. 2:25-cv-00705-JHC, 2025 U.S. Dist. LEXIS 169199, at *12–13 (W.D. Wash. Aug. 29, 2025) (granting motion for judgment on the pleadings and dismissing "failure to pay wages owed at termination" claim and "willful refusal to pay wages" claim as derivative of the underlying meal and rest period claims).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Furthermore, none of the cases Plaintiffs cite in support of their Motion (Mot. at 4:17–6:5) compel a different result. *See Ekin v. Amazon Servs., LLC*, No. 14-cv-244-JCC, 2014 U.S. Dist. LEXIS 199367, at *4 (W.D. Wash. May 23, 2014) (all parties agreed to consolidate for pretrial purposes only); *Abbott* v. *Amazon.com* Inc., No. 2:23-cv-1372-JNW, 2023 U.S. Dist. LEXIS 202954, at *3 (W.D. Wash. Nov. 13, 2023) (stipulated motion to consolidate three consumer protection class actions); *Franzetti v. Pac. Mkt. Int'l LLC*, No. 2:24-cv-00191-TL, 2024 U.S. Dist. LEXIS 76699, at *10 (W.D. Wash. Apr. 26, 2024) (consolidating three putative class actions asserting a variety of claims under Washington common law, California and New York statutes, and federal law); *Pecznick* v. *Amazon, Inc.*, No. 22-cv-743-TL, 2022 U.S. Dist. LEXIS 175374, at *2 (W.D. Wash. Sept. 27, 2022) (ordering consolidation where plaintiffs in one action and defendants in both actions agreed to consolidation). None of these cases involved facts materially similar to those here: a later filed putative class action subsumed by a pending first-filed action, a pending first-to-file motion to dismiss, and a complaint filed without leave in violation of Rule 15(a)(2).

Finally, Plaintiffs misquote Safeway to argue that consolidation would not be prejudicial. Plaintiffs attribute to Safeway the view that "judicial economy strongly favors granting [consolidation]" and that consolidation "has the strong potential to save this Court tremendous resources." Mot. at 7:6–7. Safeway said no such thing. Rather, Safeway argued that if this action is not dismissed outright under the first-to-file rule, "judicial economy strongly favors granting a **stay**." Dkt. No. 14 at 24:14 (emphasis added). A stay, unlike consolidation, would pause this duplicative action without adding a second set of plaintiffs and counsel to *Kelley* or bypassing Safeway's pending Rule 12(b)(6) challenge. Plaintiffs' alteration of quotes from Safeway's brief is misleading and inappropriate.

Accordingly, because dismissal, rather than consolidation, furthers judicial economy without prejudicing Safeway, this Court should deny Plaintiffs' Motion.



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

### C. Consolidation Should Be Denied Because Plaintiffs' Second Amended Complaint Was Improperly Filed Without Leave In Violation Of FRCP 15(a)(2)

The Court should deny Plaintiffs' Motion because the SAC was filed in violation of Rule 15(a)(2). As explained in Safeway's Motion [Dkt. No. 14], Plaintiffs already exhausted their right to amend as a matter of course under Rule 15(a)(1), yet they filed the SAC without obtaining either Safeway's written consent or leave from this Court. *See* Hendershot Decl. [Dkt. No. 15], ¶ 2. And what is more, Plaintiffs' Notice [Dkt. No. 19] filed in response to Safeway's Motion confirms this violation: by now seeking leave to amend a third time, Plaintiffs implicitly acknowledge that leave was required the second time, and they offer no explanation for failing to obtain it.

Plaintiffs' procedural violation necessitates striking the SAC. Plaintiffs used their improperly filed SAC to both: (1) avoid a hearing on Safeway's first Motion to Dismiss and force Safeway to re-brief it; and (2) delete the factual allegations underlying the fifth cause of action, thereby obscuring its futility. They also sought to further amend that same SAC to cure additional deficiencies. Rule 15(a)(2)'s leave requirement exists precisely to prevent this kind of piecemeal, strategic pleading, and excusing it here would reward the gamesmanship the Rule is designed to deter. Plaintiffs' SAC should therefore be stricken because it was filed in violation of Rule 15(a)(2) as other Ninth Circuit district courts have done. *See Gerrits v. County of Pima*, No. CV-25-00454-TUC-RM, 2025 U.S. Dist. LEXIS 206865, at *3–6 (D. Ariz. Oct. 21, 2025) (striking second amended complaint filed pre-removal without consent or leave); *Hanks v. Harper*, No. CV-19 03174-PHX-DLR, 2019 U.S. Dist. LEXIS 198396, at *3–5 (D. Ariz. Nov. 15, 2019) (same); *Carlos v. Easter Seals So. Cal. Inc.*, No. SACV 14-01685 JVS (RNBx), 2014 U.S. Dist. LEXIS 206682, at *7–9 (C.D. Cal. Dec. 23, 2014) (same).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Because this Motion seeks to consolidate the SAC with the complaint in *Kelley*, striking Plaintiffs' SAC renders the basis for this Motion moot. Thus, once Plaintiffs' SAC is properly stricken under Rule 15(a)(2), this Motion should be denied as moot.

**D. <u>Consolidation Should Be Denied Under Local Civil Rule 42(b)</u>**

Finally, this Court should deny Plaintiffs' Motion because they failed to properly meet and confer as required under LCR 42(b). *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as a result of a failure to comply with local rules is well within a district court's discretion.").

The meet-and-confer requirement before bringing a motion to consolidate in this District is mandatory, not optional. Under LCR 42(b), "[p]rior to filing a motion to consolidate, the parties must meet and confer and attempt to reach agreement regarding whether the cases should be consolidated and whether consolidation should extend through trial." The Local Rules further define "meet and confer" as "a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." LCR 1(c)(6). Courts in this District enforce the requirement strictly. *See McMurry v. Neiders Co. LLC*, No. 2:25-cv-00824-JNW, 2026 WL 280652, at *2 (W.D. Wash. Feb. 3, 2026) (denying motion to consolidate because "Local Civil Rule 42(b) requires that the parties confer before filing such a motion. Plaintiff did not confer. The motion fails on this basis alone."); *Smith v. Snohomish Cnty.*, No. 2:25-cv-00657-TL, 2025 U.S. Dist. LEXIS 198632, at *5 (W.D. Wash. Oct. 7, 2025) ("The Court takes meet-and-confer obligations seriously. The requirement to meet and confer in good faith is not simply a formalistic prerequisite for judicial resolution.") (internal quotation marks and citations omitted).

Plaintiffs did not satisfy LCR 42(b) before filing their Motion. Plaintiffs' counsel emailed Safeway's counsel to ask about Safeway's position on consolidation with *Kelley* and whether Safeway would stipulate to it. Hendershot Opp. Decl. ¶¶ 2–3. That is all. Plaintiffs' counsel never requested a call and never proposed a conference to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

discuss the basis of this Motion. *Id.* ¶¶2-4. An email exchange does not satisfy LCR 42(b). The Local Rules require "a good faith conference in person or by telephone." LCR 1(c)(6). An email exchange is neither.

Nor can Plaintiffs excuse their noncompliance by arguing that a conference would have been futile. A real conference could have accomplished exactly what LCR 42(b) is meant to achieve. The parties could have discussed whether any consolidation should be limited in scope, whether it should extend through trial (a question LCR 42(b) expressly requires the parties to address), and the impact of Safeway's pending Motion to Dismiss and/or Strike on consolidation. *See LHF Prods., Inc. v. Doe 1*, No. C16-551 RSM, 2017 WL 1364558, at *2 (W.D. Wash. Apr. 14, 2017) (denying motion to consolidate for failure to satisfy LCR 42(b) where plaintiff argued the requirement was moot because Plaintiff was unable to reach some of the defendants in the sought-to-be-consolidated matters). Instead, Plaintiffs skipped that process entirely.

Accordingly, because Plaintiffs failed to properly meet and confer, the Court should deny the Motion under LCR 42(b) as other courts in this District have done in similar circumstances. *See, e.g.*, *Scott v. Havens*, No. 2:25-cv-00648-RAJ-TLF, 2025 WL 2624547, at *1 (W.D. Wash. Sept. 10, 2025) (denying motion to consolidate where "plaintiff did not confer with defendant prior to filing the instant motion; plaintiff has not filed a declaration or statement claiming otherwise"); *O'Donahue v. Tuugiiboss Trans Inc.*, No. 3:23-cv-06028-GJL, 2024 WL 1533612, at *2 (W.D. Wash. Apr. 8, 2024) (denying motion to consolidate and explaining that the court would "properly entertain" such a motion if the parties met and conferred as LCR 42 requires); *Irby v. Washington*, No. C15-5208-RJB-KLS, 2017 U.S. Dist. LEXIS 43687, at *2–3 (W.D. Wash. Mar. 24, 2017) (denying motion to consolidate where plaintiff "fails to show that he has satisfied the meet and confer requirement").

///

///



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## IV. CONCLUSION

For the above reasons, Safeway respectfully requests that the Court deny Plaintiffs' Motion for Consolidation and instead grant Safeway's Motion to Dismiss or Strike [Dkt. No. 14].

The undersigned certify that this memorandum contains 4,012 words, in compliance with the Local Civil Rules.

Dated: October 13, 2026 By: MILLER NASH LLP

*/s/ Christopher J. Riley*

KC L. Hovda, WSBA No. 51291
kc.hovda@millernash.com
Christopher J. Riley, WSBA No. 60730
Christopher.Riley@MillerNash.com

605 5th Avenue S., Suite 900
Seattle, WA 98104
Telephone: 206.624.8300
Facsimile: 206.340.9599
Attorneys for Defendant
SAFEWAY INC.

Dated: October 13, 2026 REED SMITH LLP

By: */s/ Tanner J. Hendershot*

Mara D. Curtis, *Admitted Pro Hac Vice*
Tanner J. Hendershot, *Admitted Pro Hac Vice*

515 S. Flower St., Suite 4300
Los Angeles, California 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
mcurtis@reedsmith.com
thendershot@reedsmith.com
Attorneys for Defendant
SAFEWAY INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# CERTIFICATE OF SERVICE

I hereby certify that on **October 13, 2026**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated: this 13th day of October, at Costa Mesa, California.

*/s/ Tanner J. Hendershot*
Tanner J. Hendershot, Cal. State Bar No. 346841 (*Pro Hac Vice*)



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599