The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBBIE CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC., a California corporation authorized to conduct business in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02319-TL<br><br>**PLAINTIFF DEBBIE CLARK'S AND DEFENDANT SAFEWAY INC.'S JOINT REPORT REGARDING POSSIBLE CONSOLIDATION OF THIS ACTION WITH THE *KELLEY* ACTION** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

Plaintiff Debbie Clark ("Plaintiff") and Defendant Safeway Inc. ("Safeway") hereby submit the following joint status report regarding possible consolidation of this action with *Jorbie Kelley v. Safeway Inc.*, No. 2:26-cv-01980-TL ("*Kelley*"), in accordance with the Court's October 23, 2026 Minute Order [Dkt. No. 32]:

## I. Plaintiff's Statement

Plaintiffs first sought Defendant's position regarding consolidation of the *Kelley* and *Clark* matters on September 9, 2026 after informing counsel for Safeway that the *Clark* plaintiffs represented by undersigned counsel and the *Kelley* plaintiff represented by Ackermann & Tilajef, P.C. have agreed to jointly prosecute their claims, with both firms working together as co-counsel on behalf of all named plaintiffs and the proposed classes. Defendant did not respond to that email. Plaintiffs' counsel followed up on September 15, 2026, again asking if Safeway would stipulate to consolidation of the *Kelley* and *Clark* matters. Again, Defendant did not respond. For the reasons that follow, Plaintiffs respectfully request the Court consolidate this matter with *Kelley*, or alternatively, enter an order setting a briefing schedule for Plaintiffs to file a motion for consolidation (or a motion to amend the *Kelley* complaint to add the *Clark* Plaintiffs and claims).

### A. The Court Should Consolidate the *Kelley* and *Clark* Actions.

This is a quintessential situation requiring consolidation. There is no dispute the cases involve substantially similar allegations and claims on behalf of the same proposed class of employees against the same Defendant. The two cases are pending before the same Court, are at the similar procedural stages (e.g., neither matter has a case schedule yet), and with all Plaintiffs' counsel working together, consolidation with promote judicial economy and expedite resolution.

Rule 42 empowers the Court to consolidate two actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have "broad discretion … to consolidate cases pending in the same district"—*Inv'rs Research Co. v. United States*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

*Dist. Court for Cent. Dist.*, No. 89-70202, 1989 U.S. App. LEXIS 8261 (9th Cir., June 8, 1989). Here, consolidation is appropriate because *Clark* and *Kelley* not only involve a common question of law or fact, but also share substantially overlapping class allegations and claims, the same Defendant, and identical putative classes. Courts in this District routinely consolidate cases in such circumstances. *See, e.g., A Cemal Ekin v. Amazon Servs., LLC*, No. 14-cv-244-JCC, 2014 U.S. Dist. LEXIS 199367, at *5 (W.D. Wash. May 23, 2014) (consolidation appropriate where actions "involve the same two claims for relief on behalf of an identical proposed class against the same defendant. The only differences pointed out in the parties' briefs involve the named plaintiff"); *Pecznick v. Amazon.com, Inc.*, No. 22-cv-743-TL, 2022 U.S. Dist. LEXIS 175374, at *3-4, *10—12 (W.D. Wash. Sept. 27, 2022) (consolidating based on judicial economy where both actions were filed in the same District against the same defendant, involved the same core facts, asserted claims under the same statute, and represented overlapping—though not identical—classes).

In fact, cases considerably more complex than this have been consolidated by courts in this District in the last two months alone. By way of example, each of the last three consolidations granted in this District presented more complex party relationships, legal issues, and equities than are present here. In *Garcia v. Alaska Air Grp. Credit Union*, No. 2:26-cv-01433-JNW, 2026 LX 650490 (W.D. Wash. Nov. 2, 2026), Judge Whitehead consolidated four different data breach actions where the cases "share a defendant, a breach, a notice letter, and a class." In *O.H. v. Harbor*, No. 2:23-cv-00060-JNW, 2026 LX 663926 (W.D. Wash. Oct. 23, 2026), Judge Whitehead considered a motion for consolidation concerning three childhood sexual abuse class actions where the three cases shared "different time periods, alleged perpetrators, and witnesses," *id.* at *3, but shared "a common question, and … the same defendant," *id.* at *3—4. Judge Whitehead consolidated two of the three actions, excluding one only because "the parties [in that case] have completed substantial discovery, and the case was

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

[previously] days from trial…." In *Swinomish Indian Tribal Cmty. v. Nat'l Marine Fisheries Serv.,* No. 2:26-cv-02473-TMC, 2026 LX 557797 (W.D. Wash. Oct. 2, 2026), Judge Cartwright consolidated, for the purposes of discovery and pretrial motions, three cases under the Endangered Species Act because the three cases "involve[d] a common question of law or fact." *Id.* at *5 (quoting Fed. R. Civ. P. 42(a)). By contrast, the Court has denied consolidation only at the extremes: where the posture of the cases at the time the motion is made are drastically different, *see, e.g.*, *Cymbidium Restoration Tr. v. Am. Homeowner Pres. Tr. Series AHP Servicing*, No. C24-0025-KKE, 2026 LX 549664 (W.D. Wash. Sep. 28, 2026), or where individual issues predominate a case, *see, e.g.*, *Su v. United States Postal Serv.*, No. 2:22-cv-01176-RJB, 2023 LX 148353 (W.D. Wash. Oct. 31, 2023).[1]

Consolidation also will avoid duplicative discovery, which will be the same across the two matters, and the potential for inconsistent results (even if minimal). *See Pecznick*, 2022 U.S. Dist. LEXIS 175374, at *10-12 (consolidating to avoid duplicative discovery, even where risk of inconsistent results was minimal).

Finally, consolidation will not prejudice Defendant, as it has already conceded that: (1) "the core legal issues—whether employees received proper meal and rest periods and were paid all wages owed—are identical" and "there is 'substantial overlap' between the cases," ECF No. 14 at 2; (2) "the parties, apart from the named plaintiff, are substantively identical since the named defendant is the same and the putative classes are the same," *id.* at 12; and (3) "the central issues raised this action and in *Kelley*

[1] The cases Safeway cites below are equally distinguishable and inapposite. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (affirming dismissal of plaintiff's later filed complaint where plaintiff sought to circumvent denial of a motion to leave to amend by filing a second duplicative lawsuit on the same facts); *Amazon.com, Inc. v. LightGuide, Inc.*, No. 2:23-cv-00053-JHC, 2023 U.S. Dist. LEXIS 200063, at *4 (W.D. Wash. Nov. 7, 2023) (dismissing later-filed action due to party's gamesmanship in filing in a different jurisdiction as an end-run around potential denial of their motion to change venue); *Fisher v. Duff*, No. C15-5944 BHS, 2016 U.S. Dist. LEXIS 78825, at *6 (W.D. Wash. June 15, 2016) (granting dismissal where the same plaintiff filed the same claims against the same defendant in two different jurisdictions).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

are substantively identical," *id.* at 14. Consolidation "has the strong potential to save this Court tremendous resources," and avoids the "undue hardship" imposed if Defendant "is forced to simultaneously litigate the same underlying legal questions here and in *Kelley*." *Id.* at 16-17. Thus, the exact reasons Safeway argues support dismissal or a stay weigh in favor of the very consolidation they now argue against.

**B. The Court Should Not Stay This Action.**

Despite having had a full opportunity to brief its Motion to Dismiss or Stay, Safeway devotes most of its statement regarding potential consolidation to rehashing those arguments instead of addressing the standard for consolidation of two similarly-situated cases pending before the same judge. The Western District recognizes that "staying an overlapping action pending before the same judge" is disfavored. *Ekin*, 2014 U.S. Dist. LEXIS 199367, at *10. Rather, "consolidation of overlapping lawsuits before a single judge is the preferred method of handling duplicative actions." *Id.* at *7; *see also id.* at *9 ("Courts regularly decline, however, to apply the first-to-file rule in those situations where the two actions are actively pending before the same judge.").

Even where the cases are not pending before the same judge (as they are here), courts still favor consolidation over staying a case. Courts in this district routinely recognize that consolidation, rather than a stay, "is the more appropriate course of action" where there is "substantial overlap in the asserted claims . . . ." *Franzetti v. Pac. Mkt. Int'l LLC*, 2024 WL 1832470, at *3 (W.D. Wash. Apr. 26, 2024) (denying motion to stay later filed class actions and instead consolidating the cases). "[C]onsolidation will promote judicial economy and expedite resolution of the cases by simplifying discovery, pretrial motions, and other case management issues, [] it will reduce the risk of inconsistent results," and it "is 'a more equitable outcome than dismissing or staying' the later-filed matters." *Id.* at *3-4 (citation omitted).

Indeed, stays should be granted only "'in rare circumstances.'" *Setty v. Shrinivas Sugandhalaya LLP*, 2025 WL 1756874, at *4 (W.D. Wash. Jun. 25, 2025) (quoting

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

*Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). A party seeking "a stay must make out a clear case of hardship … if there is even a fair possibility" of prejudice to another party. *Landis*, 299 U.S. at 255. A court considering a stay must weigh "the competing interests" in granting or refusal to grant a stay," including (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proofs, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). Here, Plaintiffs would be significantly prejudiced if Court were to stay the instant action when "consolidation is the preferred route to avoiding the inherent inefficiencies involved with duplicative litigation." *Ekin*, 2014 U.S. Dist. LEXIS 199367, at *10.

## II. <u>Safeway's Statement</u>

The Court should decline to consolidate this action with *Kelley*. Consolidation is premature while Safeway's Motion to Dismiss or Stay, or in the Alternative, Motion to Strike [Dkt. No. 14], remains pending. Plaintiff did not respond to the merits of that Motion. Instead, she filed a "Notice and Stipulation" [Dkt. No. 19] calling it "moot" because they would "jointly prosecute" this case with *Kelley*. By doing so, however, she conceded that (1) her action was subject to dismissal and/or a stay under the first-to-file rule and/or in the Court's inherent discretion, (2) the SAC was improperly filed in violation of FRCP 15(a)(2); and (3) her wage rebatement claim is likewise subject to dismissal. Accordingly, dismissal, rather than consolidation, is warranted.

### A. Plaintiff's SAC Is Subject to Dismissal and/or a Stay Under The First-to-File Rule or Should Be Stayed in the Court's Inherent Discretion

As explained in Safeway's Motion [Dkt. No. 14], all three first-to-file factors (chronology, similarity of parties, and similarity of issues) show that *Kelley* subsumes this action thus warranting dismissal and/or a stay. *Kohn Law Grp., Inc. v. Auto Parts*


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599
REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); Dkt. No. 14. Indeed, *Kelley* was filed first, it covers the same non-exempt Safeway employees over a longer period (May 4, 2023 to present), and it presents the same core questions: whether employees received proper meal and rest periods and were paid all wages owed. Plaintiff does not dispute this. *See* Dkt. Nos. 19 & 24. Indeed, in her withdrawn Motion to Consolidate, Plaintiff described both actions as "virtually identical", involving "substantially overlapping class allegations and claims, the same Defendant, and identical putative classes," and she acknowledged that "discovery will be the same across the two matters". [Dkt. No. 24, 4:18–20; 6:7]. Those admissions support dismissal. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692–93 (9th Cir. 2007) ("[d]ismissal of the duplicative lawsuit . . . promotes judicial economy and the 'comprehensive disposition of litigation.'"); *see also Amazon.com, Inc. v. LightGuide, Inc.*, No. 2:23-cv-00053-JHC, 2023 U.S. Dist. LEXIS 200063, at *4 (W.D. Wash. Nov. 7, 2023) (dismissing later-filed action); *Fisher v. Duff*, No. C15-5944 BHS, 2016 U.S. Dist. LEXIS 78825, at *6 (W.D. Wash. June 15, 2016) (dismissing later-filed action even when second suit involved slightly different defendants and statute of limitations). Moreover, if this Court does not dismiss Plaintiff's claims, a stay remains warranted, which Plaintiff's Notice did not challenge, and thus conceded the propriety of a stay. *See* Dkt. No. 22, pp. 6:17-7:11; *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

Moreover, Plaintiff filed the SAC without Safeway's consent or leave. [*See* Dkt. Nos. 15 ¶ 2, 19]. Plaintiff used the SAC to avoid a hearing on Safeway's first motion and to remove the factual allegations behind her futile fifth claim, which warrants striking the SAC rather than consolidation. *See, Gerrits v. County of Pima*, No. CV-25-00454-TUC-RM, 2025 U.S. Dist. LEXIS 206865, at *3–6 (D. Ariz. Oct. 21, 2025).

If the Court grants Safeway's Motion, whether by dismissing or staying Plaintiff's claims, there will be nothing to consolidate. Consolidating, however, would let Plaintiff carry her wage rebatement claim into *Kelley* without the Court resolving


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599
REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Safeway's Rule 12(b)(6) challenge, expanding the first-filed case by procedural maneuvers rather than a decision on the merits.

**B. Consolidation Hinders Judicial Economy and Would Prejudice Safeway**

Moreover, this Court should decline consolidation of this action with *Kelley* because it is contrary to the purpose of Rule 23. Class actions exist to promote "efficiency and economy of litigation" by allowing one action to proceed on behalf of the entire class, which avoids "the very 'multiplicity of activity which Rule 23 was designed to avoid.'" *In re Wells Fargo Home Mortg.*, 571 F.3d 953, 958 (9th Cir. 2009); *Defries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1100 (9th Cir. 2024); *see also Smith v. Behr Process Corp.*, 113 Wash. App. 306, 319 (2002) (CR 23 "avoids multiplicity of litigation" and "frees the defendant from the harassment of identical future litigation").

Plaintiff's continued pursuit of a second duplicative action raising the same claims as *Kelley* on behalf of the same putative class is contrary to Rule 23. Even after Safeway showed that *Kelley* subsumes this action, Plaintiff neither dismissed it nor substantively opposed Safeway's Motion. Dismissal eliminates needless duplication, whereas consolidation would keep it and add two plaintiffs, a second set of counsel, and a second operative pleading. *See McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 674–75 (W.D. Wash. 2010) (consolidation creates "procedural complexity" that is "best avoided"). Thus, this Court should dismiss this later filed action as other courts have done. *See, e.g.*, *Armored Grp. LLC v. Lutzker*, No. CV-24-01516-PHX-SLP, 2025 WL 1248932, at *2 (D. Ariz. Apr. 30, 2025); *Topower Comput. Indus. Co. v. Xion, Inc.*, No. C 08-3584 SBA, 2009 WL 4572771, at *2 (N.D. Cal. Dec. 4, 2009); *see also Adams*, 487 F.3d at 692–93 (dismissal "promotes judicial economy and the 'comprehensive disposition of litigation'").

Consolidation would also impose real costs that dismissal avoids. It would require coordinating pleadings, briefing, and discovery among multiple sets of plaintiffs' counsel, which invites leadership disputes and duplicative discovery. It

REED SMITH LLP
A limited liability partnership formed in the State of Delaware



Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

would also likely require a consolidated amended complaint, resetting the pleadings and delaying *Kelley*. Furthermore, consolidation drives up class counsel fees and costs that would come out of any class settlement, with no benefit to the putative class. Dismissal, by contrast, prejudices no one: Plaintiff is a putative class member in *Kelley*, so her interests are already represented. Since dismissal furthers judicial economy without prejudicing Safeway or the putative class, the Court should decline consolidation.

Respectfully submitted,

Dated: November 20, 2026 By: **MILLER NASH LLP**

/s/ Christopher J. Riley
KC L. Hovda, WSBA No. 51291
kc.hovda@millernash.com
Christopher J. Riley, WSBA No. 60730
Christopher.Riley@MillerNash.com

605 5th Avenue S., Suite 900
Seattle, WA 98104
Telephone: 206.624.8300
Facsimile: 206.340.9599
Attorneys for Defendant
SAFEWAY INC.

Dated: November 20, 2026 **REED SMITH LLP**

By: /s/ Mara D. Curtis
Mara D. Curtis, *Admitted Pro Hac Vice*
Tanner J. Hendershot, *Admitted Pro Hac Vice*

515 S. Flower St., Suite 4300
Los Angeles, California 90071
Telephone: 213-457-8000
Facsimile: 213-457-8080
mcurtis@reedsmith.com
thendershot@reedsmith.com
Attorneys for Defendant
SAFEWAY INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Dated: November 23, 2026

**BIBIYAN LAW GROUP, PC**

By: */s/ Adarsh N. Parthasarathy*

Adarsh N. Parthasarathy, WSBA No. 62319
Cassandra Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154

Bibiyan Law Group, P.C.
Columbia Center
701 5th Ave., 42nd Floor
Seattle, WA 98104
Telephone: (206) 225-2043
Fax: (206) 225-2067
*aparthasarathy@tomorrowlaw.com*
*clenning@tomorrowlaw.com*
*dkim@tomorrowlaw.com*

*Attorneys for Plaintiffs*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware


Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599